

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 28, 2006             **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BRIAN CHRISTOPHER WATSON | § | CASE NO. 05-93369-DML-7 |
| and | § | |
| ELIZABETH BROOKE WATSON | § | |
|     Debtors | § | |
| DAN FLECK, | § | |
|     Plaintiff, | § | |
| v. | § | ADVERSARY NO. 06-04103-DML |
| BRIAN CHRISTOPHER WATSON, | § | |
|     Defendant. | § | |

### MEMORANDUM ORDER

Before the court[1] are two motions for summary judgment filed by Defendant[2]. In the first of these motions (styled Defendant's Motion for Summary Judgment Based on Settlement

---

[1] This adversary proceeding is before the undersigned by reason of its relation to the case of *Fleck v. Allan*, Case No. 06-04101.

Agreement and Release), Defendant argues, *inter alia*, that a settlement agreement between the parties prevents Plaintiff from asserting under 11 U.S.C. §523(a)(2) that his claim was incurred through false representations. That agreement, which also resulted in Defendant's execution of the note underlying Plaintiff's claim, provides, in pertinent part:

> The parties each affirm that no representations, promises, or agreements of any kind other than as set forth in this Agreement have been made to any of them by any person whatsoever to cause any of them to sign this Agreement.

The court concurs that this provision effectively bars Plaintiff from asserting, as to this Defendant, as a basis for non-dischargeability of his claim, that he was induced to accept Defendant's note in settlement of litigation through the false representations alleged in Plaintiff's complaint. To such extent, therefore, summary judgment is granted to Defendant.

Plaintiff has also pleaded that Defendant caused him to accept Defendant's note through actual fraud. The provision quoted above does not bar such an allegation under 11 U.S.C. § 523(a)(2). Moreover, the balance of Defendant's motions do not persuade the court that summary judgment is appropriate other than to limit Plaintiff's suit to bar relief based solely on allegations of false representations. Based on Plaintiff's affidavit, it is clear there is a question as to whether the evidence will show that Defendant (together with others) perpetrated a fraud on Plaintiff.[3]

Defendant asserts additionally a release under a separate agreement as eliminating his debt to Plaintiff. However, the release Defendant points to included Defendant as a member of a general class, and Plaintiff's affidavit states he was unaware when he signed

---

[2] The standard applied by the court in considering Defendant's motions is set out in, *inter alia*, LDS Express, Inc. v. Brown (*In re Kingway Logistics, Inc.*), 348 B.R. 399, 403-4 (Bankr. N.D. Tex. 2006)

[3] Evidence of false representations by Defendant may figure in proof of such a scheme to defraud.

the release that Defendant was a member of that class. For this and other reasons, the court cannot find that uncontroverted facts prove Plaintiff's claim against Defendant has been released.

For the foregoing reasons, Defendant's motions for summary judgment are denied except as otherwise stated above. At such time as a final judgment is entered in this adversary proceeding it shall subsume the grant of judgment herein contained.

It is so ORDERED.

# # # # END OF ORDER # # # #